**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

JAMES FLOYD CLEAVER,

    Defendant – Appellant.

No. 07-1051
(D.C. Nos. 06-CV-01433-RPM
and 01-CR-00395-RPM)
(D. Colo.)

**ORDER DENYING A CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

James Cleaver, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition.[1] Cleaver was convicted by a jury in 2003 on four criminal counts, all stemming from his participation in the destruction of an Internal Revenue Service field office by fire in May 1997. Cleaver's conviction and sentence were affirmed by this court on direct appeal. See United States v.

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") conditions Cleaver's right to appeal under § 2255 on our grant of a COA. 28 U.S.C. § 2253(c)(2). A COA may issue only if Cleaver can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Cleaver, 163 F. App'x 622 (10th Cir. 2005) (unpublished).  For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

Although he includes two separate claims in his petition, Cleaver's application is properly construed to present a single claim.  Cleaver alleges his appellate counsel was ineffective for failing to raise alleged prosecutorial misconduct before the grand jury on direct appeal.[2]  He contends that the prosecutor knowingly presented perjured testimony from law enforcement agents in an effort to secure Cleaver's indictment.  Under the two-part test established by the Court in Strickland v. Washington, 466 U.S. 668 (1984), Cleaver must prove that "counsel's representation fell below an objective standard of reasonableness" and that "any deficiencies in counsel's performance [were] prejudicial to the defense."  Id. at 688, 692.  We examine such claims with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  When appellate counsel's performance is alleged to have been constitutionally ineffective, we examine a petitioner's claim with due deference to counsel's prerogative to select the strongest from what may be many nonfrivolous claims on appeal.  See Malicoat v. Mullin, 426 F.3d 1241, 1248-49 (10th Cir. 2005) (citing Smith v. Robbins, 528 U.S. 259, 288 (2000)).

---

[2] Cleaver also claims that the district court abused its discretion by failing to conduct an evidentiary hearing on appellate counsel's alleged ineffective assistance.  This argument merely restates Cleaver's ineffective assistance claim.

In reviewing this claim, we are initially faced with ambiguity in the record as to whether Cleaver properly presented his claim of alleged prosecutorial misconduct in front of the grand jury before or during trial. If this claim was not properly preserved on direct appeal, it would have been reviewed for plain error even if the alleged prosecutorial misconduct implicated the "fundamental fairness" of the grand jury proceedings. See United States v. Taylor, 798 F.2d 1337, 1340 (10th Cir. 1986) ("A petit jury determination of guilt will not moot [errors implicating the fundamental fairness of the grand jury proceedings] because they go beyond the question of whether the grand jury had sufficient evidence upon which to return an indictment. Accordingly, to the extent they have been properly preserved, these issues can be raised upon appeal."); see also United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (holding errors raised for the first time on direct appeal are reviewed only for plain error). Cleaver has provided a copy of a pretrial motion raising at least some of the same allegations of misconduct before the grand jury as alleged in his § 2255 petition. Although this evidence has not been properly appended to the record via motion to supplement the record, we accept for purposes of this application that Cleaver, who represented himself at trial, preserved the issue of alleged grand jury misconduct.

Under these circumstances, we must determine whether the alleged misconduct is properly characterized as "technical," such that it only went to the

grand jury's determination of probable cause, or whether it "threaten[ed] the defendant's right to fundamental fairness in the criminal process." United States v. Lopez-Gutierrez, 83 F.3d 1235, 1244 (10th Cir. 1996) (quotation omitted).  The latter type of error includes any "attempt by the government to unfairly sway the grand jury or a pervasive attempt to charge without cause or to undermine the defense."  Id. at 1245 (quotation and alterations omitted).  Based upon our careful review of the record, the alleged prosecutorial misconduct, even if taken as true, is properly characterized as technical.  Cleaver's allegations do not demonstrate wholesale fabrication by any of the witnesses who testified before the grand jury, or a conspiracy to sway the grand jury, but rather indicate specific factual inconsistencies between witnesses' grand jury testimony, their testimony at trial, and their statements on various government-produced recordings.  In short, the alleged misconduct could not have rendered the grand jury proceedings fundamentally unfair, and Cleaver's claim was thus mooted by his jury conviction at trial.  See id. at 1246.  Accordingly, under the Strickland standard, appellate counsel's decision not to raise this claim on direct appeal cannot be characterized as objectively unreasonable.

Cleaver's request for a COA is **DENIED** and his petition is **DISMISSED**.  Because we conclude that Cleaver presents a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," McIntosh v. U.S.

Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted), we

**GRANT** his motion to proceed on appeal in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge