**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MIGUEL AVALOS-VASQUEZ,

Defendant-Appellant.

No. 06-4076

(D. Utah)

(D.C. No. 2:04-CR-708-JTG)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Miguel Avalos-Vasquez pleaded guilty to one count of conspiracy to

distribute fifty grams or more of actual methamphetamine, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(A). Applying the United States Sentencing

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Guidelines, the Presentence Report ("PSR") recommended a total offense level of thirty-one and a criminal history category of II, resulting in an advisory guideline range of 121 to 151 months. The district court granted Avalos-Vasquez a one-month downward variance and sentenced him to 120 months' imprisonment, the mandatory minimum sentence required under 21 U.S.C. § 841(b)(1)(A).

Although the final judgment was entered on February 9, 2006, Avalos-Vasquez's notice of appeal was not filed until March 22, 2006. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), a defendant's notice of appeal generally must be filed within ten days after the entry of judgment. Under Rule 4(b)(4), however, a district court may grant an extension of up to thirty days "[u]pon a finding of excusable neglect or good cause." Because Avalos-Vasquez filed the notice of appeal outside the ten-day period required by Rule 4(b)(1)(A), but within the thirty-day extension period permitted by Rule 4(b)(4), this court partially remanded the case to the district court for a determination as to whether Avalos-Vasquez could establish excusable neglect or good cause. *See United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003); *United States v. Lucas*, 597 F.2d 243, 245-46 (10th Cir. 1979).

On remand, the district court found there was excusable neglect and issued an order granting the thirty-day extension on this basis. *See United States v. McMillan*, 106 F.3d 322, 324 (10th Cir. 1997) ("[A] defendant who filed his notice of appeal within the Rule 4(b) thirty-day extension period may obtain relief

by showing excusable neglect notwithstanding his failure to file a motion seeking such relief within that same time frame."). After reviewing the district court order, this court concludes the district court did not abuse its discretion in so finding. *See United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004) (reviewing a finding of excusable neglect for a "clear abuse of discretion" (quotation omitted)). Thus, the notice of appeal was timely filed and this court has jurisdiction over this appeal. *McMillan*, 106 F.3d at 324.

Avalos-Vasquez's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw on the ground that there are no non-frivolous issues to be raised on appeal. Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* The client is then permitted to submit arguments to the court in response. *Id.* This court must then fully examine the record "to determine whether defendant's claims are wholly frivolous." *Id.* If so, this court may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In this case, Avalos-Vasquez was given notice of the *Anders* brief and counsel's motion to withdraw, but did not file a response or a brief of his own. Nor did the government choose to file a brief in response, instead simply

-3-

notifying this court by letter that it did not intend to file a brief "because the appeal is patently frivolous." As a consequence, the resolution of this appeal is based on counsel's *Anders* brief and this court's independent review of the record. In his *Anders* brief, counsel states only that Avalos-Vasquez is dissatisfied with the sentence imposed by the district court. Counsel, however, asserts the sentence was proper and an appeal of the sentence would therefore be frivolous. After an independent review of the record, this court agrees with counsel that there are no non-frivolous issues to be raised in this appeal.

Avalos-Vasquez pleaded guilty to conspiracy to distribute more than fifty grams of actual methamphetamine, a conviction which carries a statutory mandatory minimum of 120 months. 21 U.S.C. §§ 841(b)(1)(A)(viii), 846. In the plea agreement and again at the change of plea hearing, Avalos-Vasquez admitted to conspiring to distribute quantities of methamphetamine well in excess of the fifty grams required to trigger the ten-year mandatory minimum. The district court then imposed a sentence equal to the statutory minimum. Based on the facts admitted by Avalos-Vasquez in his guilty plea, the district court could not have imposed a sentence any lower than it did. *See United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) (holding there was no error, constitutional or otherwise, where defendant received mandatory minimum sentence). Further, both the plea agreement and the plea colloquy indicate Avalos-Vasquez's guilty plea was entered knowingly and voluntarily. *See United States v. Hurlich*, 293

F.3d 1223, 1230 (10th Cir. 2002) ("A defendant's guilty plea must be knowing, voluntary, and intelligent."). Because Avalos-Vasquez entered a valid guilty plea and received the mandatory minimum sentence, there is no non-frivolous ground on which Avalos-Vasquez could appeal either his conviction or the sentence imposed.

Accordingly, this court **grants** counsel's motion to withdraw and **dismisses** the appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge