FILED
United States Court of Appeals
Tenth Circuit

September 20, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Respondent-Appellee,

v.

DARRICK JERMAINE LONDON,

Petitioner-Appellant.

No. 07-6020, 07-6100
Western District of Oklahoma
(D.C. No. 03-CV-01199-L)

**ORDER**

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

This matter is before the court on appellant Darrick London's Petition for Panel Rehearing. Upon consideration of the petition, the panel grants the petition and withdraws its prior Order issued August 10, 2007. The attached amended Order is issued in its place.

Entered for the Court

Elisabeth A. Shumaker, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Respondent-Appellee,

v.

DARRICK JERMAINE LONDON,

Petitioner-Appellant.

No. 07-6020, 07-6100
Western District of Oklahoma
(D.C. Nos. 03-CV-01199-L and
CR-00-4-L)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY*

---

Darrick Jermaine London, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from each of two district court orders relating to his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. London has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. *Id.* § 2253(c)(2).

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

In 2000, Mr. London pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute and was sentenced to life in prison.

After an unsuccessful direct appeal challenging the legality of his plea agreement, Mr. London sought habeas relief under § 2255 in a petition filed August 28, 2003. The district court denied his habeas petition on March 24, 2006. On April 17, 2006, Mr. London moved to alter or amend that judgment. On May 15, 2006, the district court denied Mr. London's motion to amend as untimely and, at any rate, unmeritorious. Mr. London did not appeal either of these orders.

On December 12, 2006, Mr. London filed a motion under Rule 4(a)(6) of the Federal Rules of Appellate Procedure asking the district court to reopen the time to file an appeal. The district court denied the motion on December 27 on the ground that it did not meet the timeliness requirement of Rule 4(a)(6)(A). Mr. London now seeks a COA so he can appeal that decision.

On March 1, 2007, while his application for COA was pending in this Court, Mr. London filed an "Omnibus Motion for Relief" urging the district court to reconsider its December 27 order in light of rules that permit district courts to grant relief from a judgment for a party's "excusable neglect." The district court denied this motion on March 26, 2007. Mr. London has applied for COA on this decision as well. The appeals have been consolidated for our consideration.

**Discussion**

The district court's order denying Mr. London's motions may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as here, the

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To the extent Mr. London seeks a COA to appeal the district court's March 24, 2006 order, denying his § 2255 petition, his COA application is untimely and is dismissed for lack of jurisdiction. "This Court can exercise jurisdiction only if a notice of appeal is timely filed." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006). Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, Mr. London's time to appeal the March 24, 2006, order expired on May 23, 2006. He failed to seek a COA before that date. He is therefore time-barred from appealing that order. In contrast, Mr. London did appeal the district court's December 27, 2006, and March 26, 2007, orders within

the respective thirty-day deadlines. We therefore have jurisdiction to entertain those appeals.

We conclude that reasonable jurists could not debate the appropriateness of the district court's orders denying Mr. London's motions to reopen pursuant to Fed. R. App. P. 4(a)(6). District courts are free to grant leave to file a late appeal only if several conditions are met. Among those conditions, Rule 4(a)(6)(A) requires that motions be "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6)(A) (emphasis added). Mr. London asserted that he did not receive notice until December 10, 2006, so he should have had until December 17, 2006, to seek relief. But the second of these alternate deadlines—180 days from the district court's order—elapsed on November 13, as the district court correctly calculated. Therefore, the plain language of Rule 4(a)(6)(A) barred both of Mr. London's motions under this rule, and equitable tolling cannot allow motions beyond the 180-day limit. "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons. The 180-day limitation . . . is specific and unequivocal." *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000).

Mr. London cited several other rules in support of his Omnibus Motion for Relief, but the district court committed no reversible error by denying the motion. Mr. London asserts that the district court should have relied on Rules 60(b)(1) &

60(b)(6) of the Federal Rules of Civil Procedure to grant relief from the court's adverse habeas corpus ruling. These sections respectively allow relief for "mistake, inadvertence, surprise, or excusable neglect," and for "any other reason justifying relief." Fed. R. Civ. P. 60(b). Mr. London argues that his failure to learn about entry of judgment was excusable neglect. This Circuit, however, has ruled that Fed. R. Civ. P. 60(b) cannot be used to circumvent deadlines imposed by Fed. R. App. P. 4(a)(6), which was more recently amended. *See Lavallie*, 204 F.3d at 1040; *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1010 (10th Cir. 2000).

Mr. London also claims that *Thompson v. INS*, 375 U.S. 384 (1964), and the unique circumstances doctrine should excuse any untimeliness. This doctrine, however, was expressly repudiated, and *Thompson* was expressly overruled, by *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007). This argument is therefore unavailing.

## Conclusion

A plain procedural bar was correctly invoked by the district court. Therefore "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Accordingly, we **DENY** Mr. London's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.


Entered for the Court,

Michael W. McConnell
Circuit Judge