**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY G. PULLEN,

Defendant - Appellant.

No. 08-3042

D. Kan.

(D.C. Nos. 06-CV-03095-JAR and
98-CR-40080-JAR-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Bobby Pullen, a federal inmate proceeding *pro se*[1] and *in forma pauperis,*
seeks a certificate of appealability (COA) to appeal from the district court's
denial of his motion for relief under Rule 60(b) of the Federal Rules of Civil
Procedure. Because he has not "made a substantial showing of the denial of a
constitutional right," 28 U.S.C. § 2253 (c)(2), we deny a COA.

In 1999, Pullen was convicted by a jury in the United States District Court
for the District of Kansas (District of Kansas) of possession with intent to

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka,
Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

distribute marijuana.  He was sentenced to 262 months in prison.  We affirmed his conviction and sentence on October 6, 2000; the mandate was issued on January 2, 2001.  *See United States v. Pullen*, 232 F.3d 903 (10th Cir. 2000) (unpublished).

Before serving his federal sentence, Pullen was transferred to the custody of the State of Missouri to serve a state sentence.  On October 20, 2000, while serving his state sentence, Pullen filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Missouri (Eastern District of Missouri) alleging ineffective assistance of counsel during his federal drug trial.  The Eastern District of Missouri file-stamped the motion and returned a copy of it to Pullen with a letter informing him his motion was being forwarded to the District of Kansas which had jurisdiction over the federal case.

In early 2001, Pullen sent a letter to the District of Kansas inquiring about the status of his § 2255 motion.  After receiving no response, Pullen sought assistance from the prison librarian.  According to Pullen, the librarian told him the District of Kansas had not processed his § 2255 motion because he was not yet serving his federal sentence.

On March 25, 2006, Pullen began serving his federal sentence.  Six days later, Pullen filed another § 2255 motion in the District of Kansas, again alleging ineffective assistance of counsel during his federal trial.  The district court denied

the motion as untimely on April 21, 2006. Judgment was entered on October 6, 2006.

Over a year later, on October 12, 2007, Pullen filed a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. He claimed he never received the court's April 21, 2006 order despite several written requests for the status of his case. It was not until October 1, 2007, when the District of Kansas responded to his September 25, 2007 request for a copy of the docket sheet, that Pullen learned his motion had been denied. Pullen requested the court "allow [him] to file his notice of appeal at this time so he may appeal the court's Judgment denying his § 2255 motion to the United States Court of Appeals for the Tenth Circuit." (R. Doc. 131 at 6.)

On January 17, 2008, the district court summarily denied Pullen's Rule 60(b) motion in a docket text entry only. Pullen filed a motion for COA which the court denied. Pullen renews his request for a COA with this Court, seeking to appeal the district court's denial of his Rule 60(b) motion.[2]

Mr. Pullen requires a COA to appeal from the denial of his Rule 60(b) motion.[3] *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. London*, 248 Fed. Appx.

---

[2] Pullen does not attempt to appeal the denial of his § 2255 motion and rightly so. Because Pullen did not timely appeal the denial of his § 2255 motion under Rule 4(a) of the Federal Rules of Appellate Procedure, we lack jurisdiction to review it. *See Bowles v. Russell*, 127 S. Ct. 2360, 2365 (2007).

[3] Pullen's Rule 60(b) motion was a "true" Rule 60(b) motion, as opposed to a second or successive § 2255 motion, because it challenged a "defect in the

889, 890 (10th Cir. 2007) (unpublished) (§ 2255 proceeding);[4] *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (§ 2254 proceeding).  We will issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

The district court did not state its reasons for denying Pullen's Rule 60(b) motion.  Nevertheless, given the substantive standard of review is abuse of

---

integrity of his federal habeas proceeding," *i.e.*, the failure to receive the district court's April 21, 2006 order denying his § 2255 motion.  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also United States v. Nelson*, 465 F.3d 1145, 1147-48 (10th Cir. 2006) (applying *Gonzalez* to a federal § 2255 case); *Spitznas*, 464 F.3d at 1215-16.

[4] Unpublished opinions are not binding precedent.  10th Cir. R. App. P. 32.1(A).  We mention *London* only because of its reasoned analysis.

discretion, we see no error.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Pullen's Rule 60(b) motion essentially requested the district court grant him leave to file a late appeal from the denial of his § 2255 motion because he never received notice of that denial from the court and did not become aware of it until long after the time for filing a notice of appeal (or request for COA) had passed.  In doing so, he recognized that a motion to re-open the time to file a civil appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure was unavailable to him because he could not satisfy one of the three conditions necessary for the court to re-open the time to appeal.  Pullen is correct that the district court could not have granted relief under Rule 4(a)(6) because he cannot meet its requirements.[5]  However, Rule 60(b) cannot be used to circumvent the filing deadlines of Rule 4(a)(6), even in *pro se* cases.  *See Watson v. Ward*, 404 F.3d 1230, 1232 (10th Cir. 2005)*; Clark*, 204 F.3d at 1039-41.  Because

---

[5] Rule 4(a)(6) allows a district court to re-open the time to file a civil appeal for fourteen days if three conditions are met, one of which is that the motion to re-open is "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, *whichever is earlier*."  Fed. R. App. P. 4(a)(6)(B) (emphasis added); *see also* 28 U.S.C. § 2107(c).  The first deadline—180-days after entry of the district court's judgment—elapsed on April 4, 2007; the second deadline—seven days after the party receives notice—elapsed on October 11, 2007.  Pullen had until the earliest of these deadlines, April 4, 2007, in which to file a motion to re-open under Rule 4(a)(6); he never filed a motion to re-open.  Rule 4(a)(6)'s deadlines, codified at 28 U.S.C. § 2107, are "specific and unequivocal" and may not be waived for equitable reasons.  *See Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000); *c.f. Bowles*, 127 S. Ct. at 2366 (concluding fourteen-day time limit to file appeal under Rule 4(a)(6) and 28 U.S.C. § 2107(c) once court re-opens time to file appeal is jurisdictional and not subject to equitable exceptions).

Pullen's Rule 60(b) motion sought to do just that, it was properly denied.

We **DENY** a COA and **DISMISS** this nascent appeal.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge