**UNITED STATES COURT OF APPEALS**     April 6, 2009

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JAMES FLOYD CLEAVER, Defendant - Appellant. | No. 08-1330 (D.C. Nos. 1:06-CV-01433-RPM and 1:01-CR-00395-RPM-1) (D. Colo.) |

**ORDER**

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Defendant-Appellant James Floyd Cleaver seeks a certificate of
appealability ("COA"), see 28 U.S.C. § 2253(c), that would enable him to appeal
the district court's decision denying his Fed. R. Civ. P. 60(b)(6) motion. Because
Cleaver has failed to establish that he is entitled to a COA, we DISMISS this
appeal.[1]

**I.     Background**

A jury convicted Cleaver of 1) destroying government property by fire,
2) forcibly interfering with Internal Revenue Service ("IRS") employees and

---

[1] We GRANT Cleaver's motion to proceed on appeal in forma pauperis. See
28 U.S.C. § 1915.

administration, 3) suborning perjury, and 4) tampering with a witness. See United States v. Cleaver, 163 Fed. App'x 622, 623 (10th Cir. Dec. 6, 2005) (unpublished), cert. denied, 547 U.S. 1103 (2006). This court affirmed those convictions and the 400-month sentence the district court imposed. See id. at 625, 632. Cleaver then filed a motion seeking relief from his convictions under 28 U.S.C. § 2255. The district court denied Cleaver § 2255 relief. Cleaver appealed. See United States v. Cleaver, 236 Fed. App'x 359, 359 (10th Cir. May 30, 2007) (unpublished), cert. denied, 128 S. Ct. 518 (2007). This court denied Cleaver a COA and dismissed his appeal. See id. Cleaver unsuccessfully sought to file a second or successive 28 U.S.C. § 2255 motion for relief from his convictions.

Two years after the district court denied his initial § 2255 motion, Cleaver filed a Fed. R. Civ. P. 60(b)(6) motion seeking relief from that decision. The district court denied that motion. Cleaver now appeals from that decision.

## II.    Analysis

While a defendant cannot use a Rule 60(b) motion to circumvent the restrictions placed on a federal prisoner asserting a second or successive § 2255 motion, see 28 U.S.C. § 2255(h), Cleaver's Rule 60(b)(6) motion here is a "true" Rule 60(b) motion; that is, it "attacks . . . some defect in the integrity of the federal habeas proceeding," rather than asserting claims challenging the defendant's conviction and sentence. Gonzalez v. Crosby, 545 U.S. 524, 530-32

(2005) (28 U.S.C. § 2254 proceeding); see Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (28 U.S.C. § 2254 proceeding); see also United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006) (applying Gonzalez to § 2255 proceedings).

More specifically, Cleaver asserts that, during the original § 2255 proceeding, he never received a copy of the Government's response opposing Cleaver's § 2255 motion. When Cleaver discovered that the Government had filed a response, which he had never received, Cleaver filed a motion with the district court seeking an extension of time to file a reply and a motion asking the district court to compel the Government to serve Cleaver with its response. The district court never specifically addressed those motions. The court, instead, denied Cleaver § 2255 relief without his ever filing a reply. Cleaver claims that this procedure violated Rule 5(d), Fed. Rules Governing § 2255 Proceedings, which provides that "[t]he moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."

Where, as here, "the district court correctly treated [Cleaver's Rule 60(b)] motion . . . as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a [COA] before proceeding with his or her appeal." Spitznas, 464 F.3d at 1217-18; see also Peach v. United States, 468 F.3d 1269, 1271-72 (10th Cir. 2006) (per curiam).

> A COA may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). . . . In cases like this one, where the decision appealed from involves a procedural ruling of the district court, a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Spitznas, 464 F.3d at 1225; see also Omar-Muhammad v. Williams, 484 F.3d 1262, 1264 (10th Cir. 2007) (applying this standard when deciding whether a § 2254 petitioner was entitled to a COA that would entitle him to appeal the denial of his Rule 60(b)(6) motion). Cleaver has failed to make that showing here.

"Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Davis, 507 F.3d at 1248 (quotation omitted). Relief under Rule 60(b)(6) "'will rarely occur in the habeas context.'" Omar-Muhammad, 484 F.3d at 1264 (quoting Gonzalez, 545 U.S. at 535).

Here, after the district court denied Cleaver § 2255 relief, without letting him first reply to the Government's responsive pleading, Cleaver filed a motion seeking to amend his § 2255 motion, a motion to alter or amend the district court's judgment, made pursuant to Fed. R. Civ. P. 59(e), and he pursued a direct

- 4 -

appeal.  Because Cleaver could have asserted, but did not assert, the procedural objections of which he now complains in those post-judgment motions, and especially as part of his direct appeal, he cannot now argue that he is entitled to relief from the district court's judgment under Rule 60(b)(6).  See Davis, 507 F.3d at 1248 (noting "Rule 60(b)(6) . . . is not a substitute for an appeal") (quotation omitted); Colo. Interstate Gas Co. v. Natural Gas Pipeline Co. of Am., 962 F.2d 1528, 1534 (10th Cir. 1992) (noting that "Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary circumstances").  "'There must be an end to litigation some day.'"  Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996) (quoting Ackermann v. United States, 340 U.S. 193, 198 (1950)).[2]

---

[2]There are probably at least two other reasons why Cleaver is not entitled to Rule 60(b)(6) relief.

First, Cleaver's Rule 60(b)(6) motion appears to be untimely.  While motions made under other provisions of Rule 60(b) must be filed within one year of the date of the judgment from which relief is sought, there is no specific time limit applicable to Rule 60(b)(6) motions.  See Fed. R. Civ. P. 60(c)(1) (requiring motions made under Rule 60(b)(1), (2) or (3) to be brought within one year); see also Spitznas, 464 F.3d at 1225.  Nevertheless, a litigant must still file a Rule 60(b)(6) motion within "a reasonable time."  Rule 60(c)(1); see also Spitznas, 464 F.3d at 1225.  Because Cleaver waited two years to complain about his not getting to file a reply, even though he knew immediately that he had not gotten that opportunity, and because Cleaver pursued several post-judgment motions and a direct appeal before ever raising this procedural problem, it does not appear that Cleaver raised his Rule 60(b)(6) motion in a "reasonable time."

(continued...)

For these reasons, reasonable jurists could not find it debatable that the district court erred in denying Cleaver relief, under Rule 60(b)(6), from the court's earlier decision denying Cleaver's § 2255 motion.  Therefore, we DENY Cleaver a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2](...continued)
Second, Cleaver has never asserted any prejudice he suffered as a result of not being able to file a reply.  For these other reasons as well, Cleaver does not appear entitled to Rule 60(b)(6) relief.