ORDER DENYING CERTIFICATE OF APPEALABILITY
DEANELL REECE TACHA, Circuit Judge.
Petitioner-Appellant Odi Luke-Sanchez, a federal prisoner proceeding pro se, seeks *775 a certifícate of appealability (“COA”) to appeal from the district court’s denial of his motion brought under Fed.R.Civ.P. 60(b). We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Luke-Sanchez’s request for a COA, and DISMISS this appeal.
I. BACKGROUND
Mr. Luke-Sanchez was convicted of various drug and firearm offenses. We affirmed his conviction on direct appeal. Mr. Luke-Sanchez then timely filed this § 2255 petition, asserting claims for ineffectiveness of counsel. The district court ordered the government to respond, after which Mr. Luke-Sanchez would be permitted to file a reply. The government submitted a response. Apparently unaware of the government’s filing, Mr. Luke-Sanchez sought a default judgment based on the government’s purported failure to respond. He sought his immediate release from custody.
The district court determined that Mr. Luke-Sanchez’s ineffectiveness claims did not entitle him to relief under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and denied his § 2255 petition. The court further observed that the government had, in fact, responded to the petition and thus denied Mr. Luke-Sanchez’s motion for a default judgment as moot. Mr. Luke-Sanchez sought to vacate the judgment under Federal Rule of Civil Procedure 60(b), contending that the government had not formally served him with its answer, that he had never received the answer, and that this had deprived him of the opportunity to file a reply brief in violation of his due process rights. The district court denied the motion to vacate. Mr. Luke-Sanchez appeals from that decision.
II. DISCUSSION
Because Mr. Luke-Sanchez’s Rule 60(b) motion “asserts a defect in the integrity of the federal habeas proceedings,” as opposed to an error in the district court’s resolution of the merits of his ineffectiveness claims, the motion is a “true” Rule 60(b) motion. See Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir.2006); see also United States v. Cleaver, 319 Fed. Appx. 728, 729 (10th Cir.2009) (unpublished) (Rule 60(b) motion based on government’s failure to serve its response on petitioner and subsequent denial of opportunity to file a reply is a “true” Rule 60(b) motion). To appeal from the denial of a “true” Rule 60(b) motion, Mr. Luke-Sanchez must obtain a COA. See Spitznas, 464 F.3d at 1218. We will issue a COA “only if the applicant has made a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). When the district court denies the petitioner’s claim on the merits, “[t]he petitioner must demonstrate that reasonable jurists would find the district court’s assessment of the constitutional claims debatable or wrong.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When the petition is denied on procedural grounds, the petitioner must demonstrate “that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.” Id. Mr. Luke-Sanchez has failed to make this showing.
Rule 60(b)(6) “is a catchall provision, allowing relief from judgment for ‘any other reason justifying relief.’ ” Davis v. Kan. Dep’t of Corr., 507 F.3d 1246, 1248 (10th Cir .2007) (quoting Fed.R.Civ.P. 60(b)(6)). “Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances.” Id. at 1248 (quotations omitted). Relief under Rule *776 60(b)(6) “will rarely occur in the habeas context.” Omar-Muhammad v. Williams, 484 F.3d 1262, 1264 (10th Cir.2007) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).
Even assuming Mr. Luke-Sanchez is correct that he was entitled to formal service of the government’s response, he has not demonstrated how he was prejudiced by that failure—namely, that the district court would have resolved his § 2255 petition differently had he been able to submit a reply brief. The district court denied habeas relief based on the inadequacy of Mr. Luke-Sanchez’s legal assertions. It did not, as Mr. Luke-Sanchez suggests, adopt the government’s version of events without affording him the opportunity to rebut them. Indeed, the government’s response, much like the district court’s order, simply emphasized the shortcomings of Mr. Luke-Sanchez’s petition as a matter of law. Submitting a reply brief would not have ameliorated those defects, as the district court was under no obligation to consider new or refined theories presented for the first time in such a brief. Moreover, Mr. Luke-Sanchez has never identified what arguments or assertions he would have included in a reply brief, despite filing seven documents related to the issue in the district court. His notice of appeal, application for a COA, and brief on the merits are similarly silent in this regard. Thus, we cannot say that this is an “extraordinary” case in which Rule 60(b) relief is warranted.
III. CONCLUSION
We DENY Mr. Luke-Sanchez’s request for a COA and DISMISS this appeal. His motion to proceed in forma pauperis is GRANTED.