**UNITED STATES COURT OF APPEALS**

**July 31, 2009**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL AVALOS-VASQUEZ,

    Defendant - Appellant.

No. 09-4013
(D. Utah)
(D.Ct. Nos. 2:07-CV-00948-TC and
2:04-CR-00708-JTG-DN-ALL)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has agreed to honor Appellant's waiver of oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). Therefore, this case stands submitted on the briefs.

Miguel Avalos-Vasquez, a federal prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal from the district court's denial of his

_____

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation -- (unpublished). 10th Cir. R. 32.1(A).

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Avalos-Vasquez was sentenced to 120 months (the statutory minimum) after pleading guilty to conspiracy to distribute fifty grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  On direct appeal, his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 739 (1967), and moved to withdraw claiming there were no nonfrivolous issues to be raised on appeal.  We agreed, granted counsel's motion to withdraw and dismissed the appeal.  *See United States v. Avalos-Vasquez*, 250 Fed. Appx. 235, 237-38 (10th Cir. 2007) (unpublished).

Avalos-Vasquez filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 claiming his guilty plea was involuntary due to his mental illness and/or incompetency and his appellate counsel was ineffective for failing to present evidence in support of a sentencing downward departure.  The district court denied relief, concluding the evidence demonstrated Avalos-Vasquez's guilty plea was knowing and voluntary and he had received a downward departure to the lowest sentence allowed by law, the statutory minimum.  Avalos-Vasquez filed a notice of appeal.  We dismissed for lack of jurisdiction because the notice of appeal was untimely.  *See United States v. Avalos-Vasquez*, No. 09-4000 (10th Cir. Feb. 3, 2009).

Eight months after the district court denied his § 2255 motion, Avalos-Vasquez filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The district court denied the motion concluding it lacked jurisdiction over the motion because Avalos-Vasquez's case was closed. Avalos-Vasquez filed a timely notice of appeal. The district court did not act on the notice of appeal; this silence is deemed a denial of a COA. *See* Fed. R. App. P. 22(b) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a [COA] or state why a certificate should not issue."); 10th Cir. R. 22.1(C) ("The district court must consider the propriety of issuing a [COA] in the first instance. Failure of the district court to issue a [COA] within thirty days of filing the notice of appeal shall be deemed a denial."). Avalos-Vasquez seeks a COA from this Court.

## II. DISCUSSION

The district court denied Avalos-Vasquez's Rule 60(b) motion without determining whether it represented a second or successive § 2255 motion. "Our first task, therefore, is to consider each of the issues raised in the motion in order to determine whether it represents a second or successive petition, a 'true' Rule 60(b) motion, or a mixed motion," *i.e.*, "a motion containing both true Rule 60(b) allegations and second or successive habeas claims." *Spitznas v. Boone*, 464 F.3d 1213, 1217, 1224 (10th Cir. 2006).

In his Rule 60(b) motion, Avalos-Vasquez argued (1) he did not receive the

government's response to his § 2255 motion and as a result he was denied the opportunity to file a traverse (reply) brief in violation of his due process rights and (2) his counsel's ineffectiveness caused him to receive an additional 60 months imprisonment and denied him his right to a direct appeal of his illegal sentence. The first argument is a true Rule 60(b) allegation because it "challenges a defect in the integrity of the federal habeas proceeding." *Id.* at 1216; *see also United States v. Luke-Sanchez*, No. 08-4200, 2009 WL 1303150, at *1 (10th Cir. May 11, 2009) (unpublished) (stating Rule 60(b) motion based on government's failure to serve its response on petitioner and petitioner's inability to file a reply brief is a true motion); *United States v. Cleaver*, No. 08-1330, 2009 WL 903408, at * 1 (10th Cir. Apr. 6, 2009) (unpublished) (same).[2] The latter argument, however, constitutes a second or successive habeas claim because "it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215-16. Therefore, we are confronted with a "mixed motion" and address each claim separately.

A. Rule 60(b) Allegation

A COA is required to appeal from the denial of a true Rule 60(b) motion. *See United States v. Pullen*, 285 Fed. Appx. 535, 536 (10th Cir. 2008) (unpublished) (§ 2255 proceeding), *cert. denied*, 129 S. Ct. 1018 (2009); *Spitznas*,

---

[2] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Luke-Sanchez* and *Cleaver* as we would opinions from another circuit, persuasive because of their reasoned analyses.

464 F.3d at 1218 (§ 2254 proceeding). We will issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The district court denied the Rule 60(b) motion for lack of jurisdiction because Avalos-Vasquez's case was closed. This was error because a district court retains jurisdiction in civil cases to consider and deny a Rule 60(b) motion even after an appeal has been taken. *See Blinder, Robinson & Co. v. United States SEC*, 748 F.2d 1415, 1420 (10th Cir. 1984). Nevertheless, Avalos-Vasquez is not entitled to a COA.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248

-5-

(10th Cir. 2007) (quotations omitted).  This case is no exception.  The district court denied Avalos-Vasquez's § 2255 motion on the merits because his claims failed as a matter of law.  We fail to see, and Avalos-Vasquez does not suggest, how he could have corrected these shortcomings with a traverse brief.

B.  Second or Successive Claim

Avalos-Vasquez may only file a second or successive § 2255 motion if he first obtains authorization from this court pursuant to 28 U.S.C. § 2255(h).  *United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008).  He did not obtain such authorization.  Had the district court properly construed Avalos-Vasquez's Rule 60(b) motion as alleging an unauthorized second or successive habeas claim, it would have had two options: (1) transfer the claim to this Court to decide whether to permit a second or successive § 2255 proceeding if the transfer would be in the "interests of justice" or (2) dismiss the claim for lack of jurisdiction because a district court has no authority to entertain a second or successive § 2255 motion unauthorized by this court.  *Id*.  The district court did neither because it erroneously concluded it did not have jurisdiction over Avalos-Vasquez's motion as the case was closed.  In any event, had the court transferred the claim to this Court for a determination of whether to permit a successive §

2255 motion, we would have denied such permission because the claim does not satisfy the requirements of § 2255(h).[3]

Had the district court dismissed the claim for lack of jurisdiction because it has no authority to entertain a second or successive § 2255 claim absent our authorization, we would have denied a COA as no reasonable jurists could debate the court's decision to dismiss for lack of jurisdiction. *Id.* at 1233 ("[W]e hold that the district court's dismissal of an unauthorized § 2255 motion is a final order in a proceeding under section 2255 such that § 2253 requires petitioner to obtain a COA before he or she may appeal.") (quotations omitted). Avalos-Vasquez's claim that counsel's ineffectiveness caused him to receive an additional 60 months imprisonment and denied him his right to a direct appeal is "a challenge to the legality of [his] detention . . . [which] must be brought pursuant to § 2255 unless it appears that the remedy by this motion is inadequate or ineffective." *Id.* (quotations omitted). Avalos-Vasquez did not demonstrate the § 2255 remedy would be inadequate or ineffective and therefore he was

---

[3] Section 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

required to pursue his claim under § 2255. "[O]nce this is established, it then follows as a matter of course—as [Avalos-Vasquez's] motion was indisputably successive and unauthorized by this court—that the district court [would have] had no jurisdiction to proceed." *Id.* at 1234.

This matter is **DISMISSED**. Avalos-Vasquez's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge