FILED
United States Court of Appeals
Tenth Circuit

March 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

SULE BRAIMAH,

  Defendant - Appellant.

No. 13-3271
(D.C. Nos. 6:13-CV-01228-MLB &
6:12-CR-10008-001)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Sule Braimah, a federal prisoner proceeding pro se, requests a certificate of

appealability ("COA") regarding the denials of several motions seeking reconsideration

and amendment of his 28 U.S.C. § 2255 petition. We deny a COA and dismiss the

appeal.

**I**

Braimah was charged with five counts of tax evasion (for tax years 2005-2009) in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the U.S. District Court for the District of Kansas. Pursuant to a written plea agreement, he pled guilty to Count III of the indictment and agreed to pay $188,097.00 in restitution. On January 28, 2013, the district court sentenced Braimah to eighteen months' imprisonment and three years of supervised release, and ordered him to pay the restitution and a fine. He did not file a direct appeal.

On June 10, 2013, Braimah filed a pro se § 2255 motion asserting that his defense counsel was ineffective for failing to: (1) object to the inclusion of 2004 tax liability as relevant conduct in the Presentence Investigation Report's calculations; (2) argue that his "voluntary" payment of restitution merited a downward departure or variance; and (3) present character evidence at the sentencing hearing. After it received the government's response but no reply brief from Braimah, the district court denied the § 2255 motion because Braimah's counsel had made all the arguments Braimah claimed were omitted. Braimah notified the court that he had failed to submit a reply because he had not received the government's response, and the court entered an order allowing him to file a reply out of time.

Rather than filing a reply, Braimah submitted a motion for reconsideration and a motion to amend his original § 2255 petition, along with a proposed amended petition, on September 23, 2013. He admitted that his original petition was frivolous and sought to add a claim that his counsel was ineffective for failing to present to the Secretary of the Treasury an offer in compromise under 26 U.S.C. § 7122 as an alternative to

incarceration.  Braimah argued that he would have amended his petition before judgment was entered if he had received the government's response.  He therefore requested that the court vacate its judgment and consider his additional claim.  The district court construed Braimah's request as a second or successive § 2255 petition because judgment had already been entered on his original petition, and concluded that it lacked jurisdiction to consider his motions.

In response, Braimah filed a motion for "further action after nonjury trial" pursuant to Fed. R. Civ. P. 59(a)(2), requesting that the court reopen its judgment and allow him to litigate his amended § 2255 petition.  The district court again concluded it was without jurisdiction.  Braimah proceeded to file an application for a COA from the district court, which was denied.  The district court reiterated its conclusion that Braimah was attempting to pursue a second or successive § 2255 motion and thus required authorization from the Tenth Circuit.  Braimah now seeks a COA from this court.

**II**

Braimah must obtain a COA to pursue an appeal.  United States v. Baker, 718 F.3d 1204, 1206 (10th Cir. 2013).[1]  To satisfy this standard, the applicant must show

---

[1] We suspect, but need not decide, that Braimah's filings subsequent to his original § 2255 petition were not second or successive petitions.  See United States v. Cleaver, 319 F. App'x 728, 729 (10th Cir. 2009) (unpublished) (Fed. R. Civ. P. 60(b) motion based on government's failure to serve response on petitioner and subsequent denial of opportunity to file reply is a "true" Rule 60(b) motion).  Regardless, Braimah would require a COA to proceed.  28 U.S.C. § 2253(c)(1)(B).

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). When the district court denies a habeas petition on procedural grounds, the petitioner must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id. Because Braimah is proceeding pro se, we construe his filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Braimah has failed to demonstrate that a COA is warranted. A defendant is not entitled to relief from the denial of a § 2255 petition based on the government's failure to serve him with its response unless he can demonstrate that he was prejudiced by that failure. See United States v. Luke-Sanchez, 327 F. App'x 774, 776 (10th Cir. 2009) (unpublished). Braimah argues that if he had been served with the response, he could have moved for leave to amend his original § 2255 petition before judgment was entered. But he fails to show that denial of the opportunity to amend his petition prejudiced the outcome of his case.

Braimah would amend by adding a claim that his attorney was ineffective for failing to pursue a compromise with the Secretary of the Treasury pursuant to 26 U.S.C. § 7122. He argues that such a compromise would have allowed him to settle his tax debt

and possibly avoid incarceration. The statute Braimah references provides, in relevant part:

> The Secretary [of the Treasury] may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense.

§ 7122(a). Braimah asserts that his attorney should have pursued a compromise with the Secretary of the Treasury either before or after charges were filed against him by the Department of Justice. But Braimah was not entitled to an attorney before he was indicted. See, e.g., Lucero v. Gunter, 17 F.3d 1347, 1351 (10th Cir. 1994) ("The Sixth Amendment right to counsel does not attach until the initiation of formal adversary criminal proceedings whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." (quotation omitted)). Thus, he cannot assert an ineffective assistance claim based on actions he believes his attorney should have taken before his indictment. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (to demonstrate ineffective assistance of counsel, defendant must show "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment").

Moreover, according to the text of § 7122(a), the Secretary of the Treasury only has authority to negotiate a compromise until a case is referred for criminal prosecution. See In re Grand Jury, 619 F.2d 1022, 1027 (3d Cir. 1980) ("After a reference from the Treasury Department, the discretionary power to compromise is vested in the Attorney

General . . . ." (citing § 7122(a))).  Even liberally construing Braimah's claim to assert that his attorney should have negotiated with the Attorney General post-indictment, as permitted by § 7122(a), we see no basis to conclude that such discretionary negotiations would have secured a more favorable arrangement for Braimah than the plea agreement he obtained through his counsel's negotiations with a representative of the Attorney General.  See United States v. Hilario, 218 F.3d 19, 22 (1st Cir. 2000) (Assistant United States Attorneys "are appointed directly by the Attorney General" and "their ability to act . . . derives from the Attorney General's plenary power over litigation to which the United States is a party").

## III

We **DENY** Braimah's request for a COA and **DISMISS** the appeal.  Braimah's motions to proceed in forma pauperis on appeal are **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge