FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 2, 2022**

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GERALD BEASLEY,

    Defendant - Appellant.

No. 21-3233
(D.C. No. 6:13-CR-10112-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Gerald Beasley, proceeding pro se,[1] appeals the district court's denial of his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the brief and appellate record, this panel has determined unanimously to honor the appellant's request for a decision on the brief without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Beasley's pro se brief, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I.  BACKGROUND

### A.  *Legal Background*

Title 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, allows federal prisoners to move for compassionate release in the district court after exhausting Bureau of Prisons ("BOP") administrative remedies.  *See United States v. Maumau*, 993 F.3d 821, 830-31 (10th Cir. 2021).  The court may grant the motion only when it finds that

> (1) extraordinary and compelling reasons warrant release;
>
> (2) release is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (3) release is warranted after considering the applicable § 3553(a) factors.

*Id.* at 831; *see also* 18 U.S.C. § 3582(c)(1)(A).

In general, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking."  *Maumau*, 993 F.3d at 831 n.4 (quotations omitted); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).  This appeal turns on the third prerequisite.

### B.  *Procedural History*

In 2017, Mr. Beasley pled guilty to (1) possession of a firearm in furtherance of a drug trafficking crime and (2) possession of cocaine with intent to distribute.  He was sentenced to 108 months in prison.

In July 2020, Mr. Beasley filed a compassionate-release request with the BOP under § 3582(c)(1)(A).  In support, Mr. Beasley cited (1) his age of 65 years; (2) his

medical conditions, including diabetes, hypertension, and obesity; and (3) the number of COVID-19 cases in the prison population.

After the BOP did not respond within 30 days, Mr. Beasley moved for compassionate release in the district court. The court denied his motion. It evaluated the sentencing factors under 18 U.S.C. § 3553(a) and determined that a reduced sentence would "fail to reflect [the] seriousness of his offenses, the need to provide just punishment, and to promote respect for the law." ROA at 136. Mr. Beasley moved for reconsideration, emphasizing he had tested positive for COVID-19 following the court's order and was "still battling with the effects of th[e] virus." *Id.* at 139. The court denied his motion for reconsideration. Mr. Beasley appealed but later dismissed that appeal.

In November 2021, after filing another request with the BOP and receiving no response, Mr. Beasley filed a second motion for compassionate release. He noted new developments: he had contracted COVID-19 and was "still experiencing the lingering effects that [] exacerbated his other debilitating medical conditions." *Id.* at 210, 214. The district court again limited its analysis to the § 3553(a) factors. It said Mr. Beasley's record while incarcerated was commendable but determined the following factors weighed against release:

> (1) Mr. Beasley's conviction offenses were serious due to his "involve[ment] in a large scale distribution of cocaine" where he "sold [cocaine] from his home and a restaurant he owned" and "carried a . . . handgun because of his 'drug dealing business;'"

3

(2) he "commit[ed] crimes in this case when he was in his late fifties;" and

(3) there would be a sentencing disparity if the court reduced his sentence because "the court recently denied a similar motion by a co-Defendant."

*Id.* at 293-94. The court therefore denied Mr. Beasley's motion.

Mr. Beasley appealed.

## II. **DISCUSSION**

We review a district court's ruling on a First Step Act motion for abuse of discretion. *United States v. Mannie*, 971 F.3d 1145, 1147-48, 1155 (10th Cir. 2020). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (quotations omitted).

In its order, the court listed the § 3553(a) factors. It then concluded that "[r]educing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment." ROA at 294. The court also noted its concern with a sentencing disparity because it had recently denied a similar motion filed by one of Mr. Beasley's co-defendants.

In reviewing the district court's consideration of the relevant § 3553(a) factors, "[w]e are not left with a definite and firm conviction that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Hald*, 8 F.4th 932, 950 (10th Cir. 2021) (quotations

and alterations omitted). "We have no reason to doubt that the district court in fact considered [the § 3553(a)] factors, and nothing more was required." *Id.* at 949.

Mr. Beasley argues we should reverse because he never received the Government's response brief and thus did not have an opportunity to reply. Aplt. Br. at 2-3. But the Government certified that a copy of the response brief was delivered to Mr. Beasley. ROA at 290. And Mr. Beasley fails to cite authority holding that his lack of an opportunity to file a reply brief is a ground for reversal. Our precedent and cases from other circuits suggest the opposite. *See Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994) (no prejudice to defendants or abuse of discretion in ruling without reply brief); *In re Sendecky*, 315 F.3d 904, 906 (8th Cir. 2003); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

Even more telling, Mr. Beasley does not specify what arguments or assertions he would have included in a reply brief. He contends "[t]here were several issues that the government" raised that he "would have responded to" and that "there was another defendant released with a very similar motion." Aplt. Br. at 3. But he neither responds to the Government's arguments nor identifies the other defendant. We thus see no prejudicial error. *See* Fed. R. Crim. P. 52(a).[2]

---

[2] *See also United States v. De Leon*, 2021 WL 3478372, at *1 n.1 (11th Cir. 2021) (unpublished) (no error denying a compassionate-release motion without a reply brief because defendant did not identify any arguments she would have made or how she was otherwise prejudiced); *United States v. Luke-Sanchez*, 327 F. App'x 774, 776 (10th Cir. 2009) (unpublished) (defendant not prejudiced where government failed to serve its response because he never identified arguments he would have

III. **CONCLUSION**

We affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

made in reply brief); *cf. United States v. Gonzales*, 2021 WL 5985347, at *5 (10th Cir. 2021) (unpublished) (affirming denial of compassionate-release motion because any error in court's statement outside of § 3553(a) analysis was not prejudicial). The unpublished opinions are cited as instructive. *See* 10th Cir. R. 32.1 and Fed. R. App. P. 32.1.