**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARRICK JERMAINE LONDON,
also known as Darnell Wilson, also
known as Derick Winston, also known
as D-Loaded, also known as Marc
Robinson, also known as Daryl Smith,
also known as James Roberts, also
known as James Robinson, also known
as Darrell Johnson, also known as
James Wilson, also known as Darrell
Kinchen, also known as James Acklin,

Defendant-Appellant.

No. 01-6058
(D.C. No. 00-CR-4-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO** , Circuit Judge, and **BRORBY** ,
Senior Circuit Judge.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Derrick Jermaine London pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). Defendant was sentenced to life imprisonment and, if released, to a term of five years supervised release. Defendant now appeals his sentence.

The government has moved to dismiss the appeal for lack of subject matter jurisdiction, citing defendant's waiver of his right to appeal in the plea agreement. In the plea agreement, defendant agreed to waive his right to appeal or collaterally challenge his "sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case . . . ." Appellant's App. Vol. I at 47-48. Defendant specifically reserved the right to appeal in the event the court departed upward. *See id.* at 48. Defendant's sentence, however, was within the applicable guideline range and no upward departure was applied.

"This court will hold a defendant to the terms of a lawful plea agreement. A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (citation and quotation omitted). Our review of the plea agreement and the transcripts of the sentencing hearings reveals nothing to suggest that defendant's waiver was either unknowing or involuntary, or that defendant was unaware of the consequences of his plea.

The appeal is DISMISSED.

Entered for the Court


Wade Brorby
Senior Circuit Judge