**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARRICK JERMAINE LONDON,

Defendant-Appellant.

No. 13-6079

(D.C. No. 5:00-CR-00004-L-2)

(W.D. of Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.[**]

---

Darrick J. London, a federal prisoner, filed a motion to reduce his sentence

under 18 U.S.C. § 3582(c)(2) as well as a petition for a writ of audita querela.

London was sentenced to life imprisonment after pleading guilty to one

count of conspiracy to distribute crack cocaine. He tried to challenge his

sentence, but, in light of the waiver of appellate rights in his plea agreement, we

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

dismissed the appeal for lack of subject matter jurisdiction. *See United States v. London*, 30 F. App'x 882, 883 (10th Cir. 2002). London then unsuccessfully tried to vacate his conviction under 28 U.S.C. § 2255 on the ground his attorney had misinformed him about his possible sentence. We denied London a certificate of appealability to appeal the district court's denial of his § 2255 petition. *See United States v. London*, 248 F. App'x 889, 892 (10th Cir. 2007).

He filed the motions at issue here in district court. The district court addressed in one order both London's motion to reduce his sentence and his petition for a writ of audita querela. The court held that it did not have jurisdiction to issue relief on either motion. First, the court concluded that for a sentence to be eligible for reduction, pursuant to 18 U.S.C. § 3582(c)(2), there must be a possibility that the sentence would actually be reduced. That was not the case with London. Neither of the Sentencing Guideline amendments for crack cocaine—which he sought to have applied retroactively to his sentence—would have altered his total offense level of 45. Accordingly, the court concluded it did not have jurisdiction over London's sentence-reduction motion. Second, the district court found that the writ of audita querela is not available to individuals like London who are in custody. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). The court then treated the petition as a second or successive motion under § 2255, and concluded that such a motion was not warranted under the circumstances.

Because London is proceeding pro se, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Nevertheless, after reviewing London's filings and the record below, we are convinced the district court's decision was correct.[1] The motion for a reduction in sentence was without merit, as London's guidelines range would have been the same even after applying the Sentencing Guidelines amendments. *See United States v. Sharkey*, 543 F.3d 1236, 1238–39 (10th Cir. 2008) (sentence can only be modified if doing so is consistent with the guidelines policy statements, which prohibit modifications that "do[] not have the effect of lowering the defendant's applicable guideline range"). And London is not entitled to a writ of audita querela because he is in custody. *See Torres*, 282 F.3d at 1245.[2]

---

[1] While the district court *dismissed* London's motions for lack of jurisdiction, there appears to be no jurisdictional barrier to reaching the merits of—and *denying on* the merits—London's motions. *See United States v. McGee*, 615 F.3d 1287, 1293 (10th Cir. 2010) (affirming *denial* of a § 3582(c)(2) motion on ground that holding in *United States v. Booker*, 543 U.S. 220 (2005), did not apply to such motions); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (affirming *denial* of petition for audita querela on ground that petitioner's claims are cognizable in a § 2255 motion). *But see United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (remanding denial of § 3582(c)(2) motion to district court to dismiss for lack of jurisdiction). For the same reasons articulated in the district court's order, London's motions could have been denied on the merits.

[2] Even if London were not in custody, a writ of audita querela would likely not be the appropriate writ, as it is only available for "unanticipated situations that arise after judgment." *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013). A writ of coram nobis is the appropriate writ when a petitioner seeks to challenge "defects that existed before the judgment." *Id.*

Even were we to treat London's petition for a writ of audita querela as a second or successive motion under § 2255, we conclude he would not be entitled to relief. To file a second or successive motion, a petitioner must request this court's authorization to do so, pointing either to "newly discovered evidence" or to a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). And for a petitioner to avail himself of a new rule, the Supreme Court must "*explicitly hold*[] that the rule it announced applies retroactively." *Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005) (emphasis in original). London points to a number of recent ineffective-assistance-of-counsel cases. *See Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Padilla v. Kentucky*, 559 U.S. 356 (2010). Yet these cases either do not apply retroactively or did not announce a new rule of constitutional law. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013) (holding that *Padilla* does not have retroactive effect); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013) (holding that *Lafler* and *Frye* did not announce new rules of constitutional law for purposes of a second or successive motion under § 2255). Accordingly, the district court did not err in concluding that London could not meet the standard for a second or successive § 2255 motion.

For the foregoing reasons, we AFFIRM the district court's decision.  But we GRANT the appellant's motion to proceed in forma pauperis as well as appellant's second motion for additional time to file his reply brief, which was duly considered.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge