FILED
United States Court of Appeals
Tenth Circuit

December 2, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES F. CLEAVER,

      Petitioner - Appellant,

v.

CLAUDE MAYE,

      Respondent - Appellee.

No. 14-3213
(D.C. No. 5:14-CV-03182-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

## I.   BACKGROUND

Pro se appellant James Cleaver is serving a 400-month prison term in Kansas,

having been convicted and sentenced in the U.S. District Court for the District of

Colorado in 2003 for destroying government property by fire, forcibly interfering with

IRS employees and administration, suborning perjury, and tampering with a witness.  We

---

[*] After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

affirmed his convictions and sentence. *See United States v. Cleaver*, 163 F. App'x 622 (10th Cir. 2005) (unpublished).

After his direct appeal, Mr. Cleaver filed a 28 U.S.C. § 2255 motion in Colorado federal court alleging ineffective assistance of appellate counsel. It was denied. This court denied Mr. Cleaver a certificate of appealability ("COA"). *United States v. Cleaver*, 236 F. App'x 359 (10th Cir. 2007) (unpublished). He followed with an unsuccessful attempt to file a second or successive § 2255 motion.

In 2009, Mr. Cleaver moved unsuccessfully under Fed. R. Civ. P. 60(b)(6) in the Colorado federal district court to challenge the denial of his original § 2255 motion. He argued the court ruled on that motion before he had received the Government's response, thereby precluding his ability to file a reply. We again denied a COA, explaining that Mr. Cleaver "could have asserted, but did not assert, the procedural objections of which he now complains" in post-judgment motions and on direct appeal from the denial of his § 2255 motion, and "he cannot now argue that he is entitled to relief from the district court's judgment under Rule 60(b)(6)." *United States v. Cleaver*, 319 F. App'x 728, 730-31 (10th Cir. 2009) (unpublished).

Mr. Cleaver next applied for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the District of Kansas,[1] making the same argument as in his Rule 60(b)(6) motion in the Colorado federal court—that his § 2255 motion was denied before

---

[1] To bring his petition under § 2241, Mr. Cleaver relied on the "savings clause" of 28 U.S.C. § 2255(e). We provide background on the "savings clause" later in our discussion.

the Government's response to that motion was filed. The court dismissed his application for lack of jurisdiction. *Cleaver v., Maye*, No. 5:13-cv-3041-RDR (D. Kan. Sept. 17, 2013).

Mr. Cleaver again applied for habeas relief under § 2241 on the same ground as before, and again the Kansas federal district court dismissed. *Cleaver v., Maye*, No. 5:14-cv-3037-RDR (D. Kan. July 3, 2014).

For yet a third time, Mr. Cleaver applied for § 2241 habeas relief on the same ground.[2] The Kansas federal district court again dismissed, explaining that his application "does not present any ground for relief that has not been considered by the sentencing court, and rejected in earlier actions in this court as improper under § 2241." *Cleaver v., Maye*, No. 5:14-cv-3182-RDR (D. Kan. Sept. 22, 2014). Mr. Cleaver appeals from this dismissal.[3]

---

[2] In his brief to this court, Mr. Cleaver attempts to distinguish his first two § 2241 applications from the third one at issue here. He argues the former claimed "the sentencing court's failure to allow a reply under rule 5(d) of the Rules Governing §2255 rendered his § 2255 inadequate." Aplt. Br. at 5 (underlining in original). His third application, he explains, claims "the denial of the adversarial process within his § 2255 because of the Respondent's failure to obey Rule 5(a) of the Federal Rules of Civil Procedure that made it inadequate." *Id.* (underlining in original).

We do not discern a meaningful difference in Mr. Cleaver's applications. Although he cites different rules, he has consistently and repeatedly claimed in his Rule 60(b) motion in Colorado and his § 2241 applications in Kansas that the timing of the Colorado federal district court's § 2255 ruling—before Mr. Cleaver received the Government's response to his § 2255 motion—precluded him from filing a reply and thereby rendered his § 2255 proceeding inadequate.

[3] Federal prisoners are not required to obtain a certificate of appealability in § 2241 proceedings. *See McIntosh v. U.S. Parole Comm.*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

## II. DISCUSSION

### A. *Legal Background*

A federal prisoner may challenge the legality of his or her underlying conviction by filing a habeas petition under 28 U.S.C. § 2255. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Prisoners are usually given only one chance to have a § 2255 petition considered on the merits. *See* 28 U.S.C. § 2244; *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011). Second or successive § 2255 petitions, however, are allowed under certain circumstances, including when there is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1).

A prisoner may also challenge the execution of his or her sentence by filing a habeas petition under 28 U.S.C. § 2241. *Brace*, 634 F.3d at 1169. But a § 2241 petition generally cannot be used to challenge the validity of the underlying conviction. *Id.*; *see also Prost*, 636 F.3d at 580 ("[P]risoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."). There is, however, a narrow exception, often referred to as the § 2255 "savings clause": a federal prisoner may file a § 2241 petition challenging a conviction only if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [a movant's] detention." 28 U.S.C. § 2255(e); *see also Prost*, 636 F.3d at 580. As we said in *Prost*, the question is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." 636 F.3d at 584.

## B. *Analysis*

After his direct appeal failed, Mr. Cleaver sought habeas relief under § 2255 in the Colorado federal district court and lost. He contends he may seek relief in the Kansas federal district court under § 2241 under the "savings clause"—§ 2255(e). But, as Mr. Cleaver recognizes, *see* Aplt. Br. at 2, he can do so only in those "extremely limited circumstances" when § 2255 is considered inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Section 2255 is not considered inadequate or ineffective merely because the result of a § 2255 petition is unsuccessful. *Prost*, 636 F.3d at 584-85. Also, "[t]he mere fact [the movant] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho*, 177 F.3d at 1179. Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a petitioner may properly file a § 2241 petition. *Prost*, 636 F.3d at 588. For example, the savings clause may be met when the original sentencing court has been abolished or dissolved and the petitioner has nowhere to file a § 2255 petition. *See Prost*, 636 F.3d at 588; *see also Caravalho*, 177 F.3d at 1178 (listing cases).

The petitioner bears the burden of showing that the opportunity to seek a remedy under § 2255 is inadequate or ineffective. *Brace*, 634 F.3d at 1169. If the petitioner fails to do so, the court lacks jurisdiction to consider the petition on the merits. *See id.* at 1170. That is the case here. Mr. Cleaver has not shown that he lacked an opportunity to bring his ineffective assistance of counsel claim in his § 2255 proceeding or to argue the proceeding was procedurally inadequate.

Mr. Cleaver filed his original § 2255 motion alleging ineffective assistance. After the Colorado federal district court denied his motion and we denied a COA, Mr. Cleaver filed a motion under Fed. R. Civ. P. 60(b)(6), complaining to the Colorado district court that it ruled before he received the Government's response and before he could reply to that response. The court considered and denied the Rule 60(b)(6) motion. Mr. Cleaver disagrees with that ruling, but he has not and cannot show that he lacked the opportunity to have that issue considered in the § 2255 proceeding or on direct appeal from that proceeding. Indeed, we already said as much five years ago in *Cleaver*, 319 F. App'x at 730-31. And so has the Kansas federal district court on Mr. Cleaver's previous two § 2241 applications.

The Kansas federal district court correctly dismissed the § 2241 application for lack of jurisdiction.

## III. CONCLUSION

Because the district court did not have jurisdiction, we affirm the dismissal of Mr. Cleaver's application under 28 U.S.C. § 2241 for a writ of habeas corpus.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

- 6 -