FILED
United States Court of Appeals
Tenth Circuit

January 26, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ELRADER BROWNING, JR.,

      Petitioner - Appellant,

v.

JOHN OLIVER,

      Respondent - Appellee.

No. 15-1425
(D.C. No. 1:15-CV-01534-LTB)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

---

      Elrader Browning, Jr., a federal prisoner proceeding pro se, applied for relief under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. The district court denied his application because he failed to show that the remedy available to him under 28 U.S.C. § 2255 was inadequate or ineffective to challenge his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of his application.

Mr. Browning is serving a life sentence imposed in 1988 by the United States District Court for the Central District of California after he was convicted of multiple drug-distribution charges. Since that time he has filed a motion for relief under § 2255 and two separate motions under Fed. R. Crim. P. 35. He now seeks relief under 28 U.S.C. § 2241, arguing that his sentence is defective because the sentencing court failed to make a drug-amount determination and failed to state the reasons for his sentence under 18 U.S.C. § 3553(a).

"A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace v. United* States, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks omitted). "A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Id.* (brackets and internal quotation marks omitted). Although § 2255's savings clause permits a federal prisoner to proceed under § 2241 if a "§ 2255 motion is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), that exception will rarely be available to challenge a conviction or sentence. *See Brace*, 634 F.3d at 1169. "The petitioner bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective." *Id.*

2

Mr. Browning argues he may proceed under the savings clause because, in denying one of his Rule 35 motions, the sentencing court ignored the same two issues he raises in his § 2241 application. But a district court's failure to address an argument can easily be challenged on appeal; and we fail to see how an error in a Rule 35 proceeding would establish the ineffectiveness or unavailability of the § 2255 remedy. The mere fact that his § 2255 motion would be unsuccessful or that he would be precluded from filing a second § 2255 motion does not render § 2255 inadequate or ineffective. *See Cleaver v. Maye*, 773 F.3d 230, 233 (10th Cir. 2014). Mr. Browning has failed to show that his present claim is permitted under the savings clause.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

3