**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHNNY SCOTT WARREN,

     Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

     Respondent - Appellee.

No. 17-3142
(D.C. No. 5:17-CV-03096-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.
_____

Pro se federal prisoner Johnny Scott Warren appeals the district court's denial of his application for habeas relief under 28 U.S.C. § 2241.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Warren appears pro se, we construe his filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## 1. Procedural History

Mr. Warren is serving a 240-month sentence for federal drug and firearms convictions. On direct appeal, we affirmed his convictions and upheld the district court's denial of his motion to suppress evidence from a search of his home. *United States v. Warren*, 566 F.3d 1211 (10th Cir. 2009). He filed a motion to vacate his convictions under 28 U.S.C. § 2255, which the district court denied. This court denied his request for a certificate of appealability. *United States v. Warren*, 393 F. App'x 567 (10th Cir. 2010).

On four occasions, this court has denied Mr. Warren authorization to bring a second or successive motion under § 2255 to pursue the argument (or a similar one) that he tries to make here.[3]

Mr. Warren's § 2241 application in this proceeding claims he is actually innocent because the drug evidence underlying his convictions was seized during a warrantless search that violated the Colorado Constitution. The district court denied his application because Mr. Warren did not show that his claim qualified for consideration under § 2241.

---

[2] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241. *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

[3] *See* orders entered on (1) January 7, 2011 in 10-1561; (2) January 20, 2015 in 15-1012; (3) March 13, 2015 in 15-1066; and (4) April 29, 2015 in 15-1145.

## 2. Legal Background

As the district court correctly explained, a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). This motion must be filed "in the district court where sentence was imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

A § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). But "in rare instances," *Sines*, 609 F.3d at 1073, a prisoner may attack his underlying conviction by bringing a § 2241 habeas corpus application under the "savings clause" in § 2255(e). *Brace*, 634 F.3d at 1169. That clause provides:

> An application for a writ of habeas corpus [(§ 2241)] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [(§ 2255)], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion [(§ 2255)] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Thus, a federal prisoner may file a § 2241 application challenging the validity of his sentence only if § 2255 is "inadequate or ineffective to test the legality of his detention." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) (quotations

- 3 -

omitted).[4] The application must be brought "in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The prisoner bears the burden of showing he satisfies § 2255(e). *Abernathy*, 713 F.3d at 549. Mr. Warren has not done so.

### 3. Analysis

Mr. Warren's § 2241 application was properly dismissed for several reasons.

First, Mr. Warren bases his application on an alleged violation of state law—the Colorado Constitution. But "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quotations omitted). "Federal habeas review is not available to correct state law evidentiary errors. . . . [An applicant] is entitled to relief only if an alleged state-law error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (alterations and quotations omitted).

---

[4] The principal purpose of a § 2241 application is to challenge the execution, rather than the validity, of a federal prisoner's sentence. *Cleaver v. Maye*, 773 F.3d 230, 232 (10th Cir. 2014). If, for instance, a prisoner seeks to challenge certain "matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody," that claim must be raised in a § 2241 application rather than a § 2255 motion. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Mr. Warren's application does not implicate this aspect of § 2241.

Mr. Warren does not frame his argument as a state constitutional violation that amounts to a violation of federal due process, but even if he has done so implicitly, his application fails for the ensuing reasons.

Second, when this court affirmed Mr. Warren's conviction on direct appeal, it not only held that the warrantless search of his residence did not violate the Fourth Amendment, it also held that "the search of Mr. Warren's home complied with Colorado law." *Warren*, 566 F.3d at 1218. This shows that Mr. Warren's § 2241 issue—which challenges the search under the Colorado Constitution—was either raised or could have been raised on direct appeal.

In either event, he was procedurally barred from raising it in a § 2255 motion. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). "When a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).[5]

---

[5] *See United States v. Warner,* 23 F.3d 287, 289 (10th Cir. 1994) ("[T]he issues Defendant raised in his § 2255 motion had either been decided on direct appeal or should have been raised on appeal and were therefore procedurally barred."). *But see United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc) (holding that this procedural bar rule does not apply to claims of ineffective assistance of counsel).

Mr. Warren is procedurally barred from federal habeas relief because he either (1) already raised his claim on direct appeal or (2) could have raised it then and has not established cause or prejudice here. As we said recently, a "procedural bar does not render § 2255 'inadequate or ineffective' under § 2255(e)." *Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016). And that means Mr. Warren cannot bring this claim in a § 2241 application.

Third, Mr. Warren cannot overcome the procedural bar, bypass § 2255(e), and obtain § 2241 review by labeling his claim as one of "actual innocence." For one thing, he mischaracterizes his claim. Challenging the search and seizure of the drug evidence, even if successful, would not show actual innocence—that he did not commit the drug offense. It would instead show certain evidence should not have been admitted at trial. As Mr. Warren points out in his brief, Aplt. Br. at 2, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Further, a prisoner can establish actual innocence in post-conviction proceedings only by bringing forward new exculpatory evidence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating the prisoner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial"). Mr. Warren has presented no new evidence affirmatively demonstrating he is innocent of the charged crimes. *See United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004) (citing *Schlup*, 513 U.S. at 328); Brian R. Means, Federal Habeas Manual § 9B:80 (May 2017 update).

Even if the actual innocence gateway were a valid basis for bypassing § 2255(e), therefore, it would not be available to Mr. Warren because he fails to present new evidence showing he did not commit the drug offense. In short, he does not make a post-conviction actual innocence claim.

**4. Conclusion**

We affirm the district court's judgment dismissing Mr. Warren's § 2241 claim.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge