FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD TITLBACH,

     Petitioner - Appellant,

v.

NICOLE ENGLISH, Warden, USP-
Leavenworth,

     Respondent - Appellee.

No. 19-3095
(D.C. No. 5:19-CV-03023-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Applicant Ronald Titlbach, a federal prisoner proceeding pro se, appeals the denial

of his application for relief under 28 U.S.C. § 2241 by the United States District Court for

the District of Kansas.  We need not address the merits of Applicant's argument, because

his sole remedy was under 28 U.S.C. § 2255.  We exercise jurisdiction under 28 U.S.C.

§ 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

On March 6, 2001, a federal jury in the Northern District of Iowa found Applicant guilty of drug violations. On November 8, 2004, he filed a § 2255 motion in that district, and the district court denied relief on December 4, 2006. *See United States v. Titlbach*, No. 00-cr-00025, 2006 WL 3497273, at *1, *3 (N.D. Iowa Dec. 4, 2006). It does not appear that Applicant appealed this decision. He filed his § 2241 application in the District of Kansas on February 5, 2019. Applicant argued that he has been wrongfully imprisoned because Public Law 80-772, which is the federal criminal code, was not properly enacted by Congress. The district court dismissed his application on March 8, 2019, after determining that the argument was legally frivolous.

"A § 2255 motion . . . is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (brackets and internal quotation marks omitted). Although § 2255's savings clause permits a federal prisoner to proceed under § 2241 if a § 2255 "motion is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), that exception will rarely be available to challenge a conviction or sentence. *See Brace*, 634 F.3d at 1169. "The petitioner bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective." *Id.*

Applicant has failed to establish the ineffectiveness or unavailability of the § 2255 remedy. The mere fact that his § 2255 motion would be unsuccessful or that he would be precluded from filing a second § 2255 motion does not render § 2255 inadequate or ineffective. *See Cleaver v. Maye*, 773 F.3d 230, 233 (10th Cir. 2014).

We **AFFIRM** the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge