**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 20, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BANI MORENO,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 25-6079
(D.C. No. 5:25-CV-00014-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Bani Moreno, proceeding pro se, requests a certificate of appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2241 habeas application and denial of his motion to reconsider.[1] Because no reasonable jurist would debate the district court's determination that it lacked jurisdiction because the § 2241 application

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Generally a COA is not required to appeal the dismissal of a § 2241 application challenging a federal conviction. *See Hunnicutt v. Hawk*, 229 F.3d 997, 998 (10th Cir. 2000) (per curiam). But as we discuss below, one ground the district court identified to support dismissal was that the § 2241 application was an unauthorized second-or-successive 28 U.S.C. § 2255 motion. A COA is required to challenge the dismissal of a filing as an unauthorized second-or-successive § 2255 motion. *See United States v. Springer*, 875 F.3d 968, 980 (10th Cir. 2017).

was an unauthorized second-or-successive 28 U.S.C. § 2255 motion, we deny a COA and dismiss this matter.

## BACKGROUND

A jury convicted Mr. Moreno of several federal drug-trafficking crimes, and this court affirmed. *See United States v. Moreno*, 607 F. App'x 775, 775-76, 779 (10th Cir. 2015). Mr. Moreno then filed an unsuccessful § 2255 motion. *See United States v. Moreno*, 655 F. App'x 708, 710 (10th Cir. 2016).

In 2022 Mr. Moreno was released from prison and removed from the United States. Then in 2025 he sought to challenge his convictions by filing a habeas application under § 2241.[2] He alleged that "his conviction[s were] obtained through government misconduct that deprived him of a fair trial, including the withholding of exculpatory evidence in the form of sealed plea agreements involving key government witnesses," R. at 14, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *Napue v. Illinois*, 360 U.S. 264 (1959). While admitting "the precise contents of the sealed plea agreements remain unknown," he stated that he was "certain that they contain evidence of a quid pro quo arrangement—where cooperating

---

[2] In the alternative, Mr. Moreno requested a writ of coram nobis. The magistrate judge recommended denying the writ because coram nobis is not available in a civil action. *See United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954) ("Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding."). The district court accepted that recommendation. Rather than challenging that ruling, Mr. Moreno "preserves his claim for relief," Aplt. Opening Br./Appl. for COA at 26, and informs us that he has sought coram nobis relief in his criminal proceeding. Given these circumstances, we do not address the alternative coram nobis request.

witnesses . . . were promised significant reductions in their custodial sentences in exchange for their testimony." R. at 18.

The magistrate judge directed the government to respond. As relevant here, the government asserted that the court lacked jurisdiction because the motion was an unauthorized second-or-successive § 2255 motion. *See* § 2255(h); *United States v. McKye*, 947 F.3d 1293, 1295 (10th Cir. 2020) ("A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion." (citations omitted)). Mr. Moreno argued that he could proceed under § 2241 in light of § 2255(e) (known as the savings clause), which allows a court to entertain a habeas application instead of a § 2255 motion if "the remedy by motion is inadequate or ineffective to test the legality of [the applicant's] detention."

The magistrate judge issued a report recommending that the district court dismiss the application. Because Mr. Moreno attacked his convictions, she concluded that the filing was properly considered to be a second-or-successive § 2255 motion, which the district court lacked jurisdiction to consider without this court's prior authorization.[3] She rejected Mr. Moreno's argument that he could proceed under § 2255(e).

---

[3] Another jurisdictional issue was whether Mr. Moreno was "in custody" as required by § 2241 (and § 2255) when he filed the habeas application. In light of our conclusion that no reasonable jurist would debate the dismissal of the application as an unauthorized second-or-successive § 2255 motion, we need not address the custody requirement.

3

Over Mr. Moreno's objections, the district court upheld the magistrate judge's recommendations, dismissed Mr. Moreno's habeas application without prejudice, and denied a COA.[4]  It then denied Mr. Moreno's motion to reconsider, which it construed as a motion under Fed. R. Civ. P. 59(e), and again denied a COA.

## DISCUSSION

A COA is required to appeal the district court's dismissal of a filing as an unauthorized second-or-successive § 2255 motion.  *See United States v. Springer*, 875 F.3d 968, 980 (10th Cir. 2017).  To obtain a COA, Mr. Moreno must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court dismissed his motion on a procedural ground, he must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Mr. Moreno fails to show that reasonable jurists would debate whether the filing is an unauthorized second-or-successive § 2255 motion, and therefore we need address only the district court's procedural ruling.

As this court has recognized,

[a] § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

---

[4] The magistrate judge also recommended the district court impose filing restrictions on Mr. Moreno.  The district court declined to do so, but it cautioned "that abusive or repetitive filings may result in future filing restrictions."  R. at 163.  Mr. Moreno's assertion that the warning violated his right to due process does not make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

> sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

*United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). "[Section] 2241 petitions . . . are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011); *see also Cleaver v. Maye*, 773 F.3d 230, 232 (10th Cir. 2014) ("[A] § 2241 petition generally cannot be used to challenge the validity of the underlying conviction."). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149. Mr. Moreno sought to challenge his convictions on the ground that they were unconstitutional. Accordingly, no reasonable jurist would debate that the motion was a § 2255 motion.

Mr. Moreno had already unsuccessfully sought relief under § 2255, and he has identified no reason, such as an intervening judgment, not to consider the prior § 2255 motion as a first such motion. Thus, no reasonable jurist would debate whether the § 2241 application was a second-or-successive § 2255 motion. And no reasonable jurist would debate whether the district court lacked jurisdiction to consider an unauthorized second-or-successive § 2255 motion. *See McKye*, 947 F.3d at 1295.

As he did in the district court, Mr. Moreno asserts that he is entitled to the benefit of the savings clause, § 2255(e). He states that § 2255 is unavailable to him and inadequate (1) because the evidence he relies on was "withheld at trial and during prior post-conviction proceedings," so he could not have raised his arguments earlier, Aplt.

5

Opening Br./Appl. for COA at 21; (2) because he relies on newly discovered facts, not a new legal argument; and (3) because he cannot satisfy the requirements for filing a second-or-successive § 2255 motion since the plea agreements he seeks remain suppressed.  But no reasonable jurist would debate whether the district court erred in declining to apply § 2255(e).

"In every case in this circuit dealing with the savings clause, we have recognized the narrowness of the language and allowed resort to § 2241 sparingly, only when an adequate and effective means for testing a § 2255 petition was genuinely absent." *Prost*, 636 F.3d at 588.  "Section 2255 is not considered inadequate or ineffective merely because the result of a § 2255 petition is unsuccessful," *Cleaver*, 773 F.3d at 233, or because an applicant cannot bring a new § 2255 motion because of the restrictions on second-or-successive motions, *see Prost*, 636 F.3d at 580; *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).  "[T]he question is 'whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion.'" *Cleaver*, 773 F.3d at 232 (quoting *Prost*, 636 F.3d at 584).

When a movant does not discover facts underlying a claim until after he has pursued a first § 2255 motion, as Mr. Moreno asserts here, it is "difficult to conclude that his claim could have been tested" in that first § 2255 motion.  *Hale v. Fox*, 829 F.3d 1162, 1174 (10th Cir. 2016) (internal quotation marks omitted).  But that does not mean reasonable jurists would debate whether Mr. Moreno is entitled to the benefit of the savings clause.

*Hale* confronted circumstances similar to Mr. Moreno's—a movant sought to proceed under § 2241 because he discovered the facts underlying a new claim after he brought a first § 2255 motion, but his new claim did not meet the standards in § 2255(h). *See Hale*, 829 F.3d at 1174. Discussing the court's earlier decision in *Prost v. Anderson*, *Hale* stated:

> *Prost* said that in enacting § 2255(h), Congress intended § 2255(e) to be no broader than the exceptions contained in subsections (h)(1) and (h)(2). Congress's limitation of a second collateral attack to the two § 2255(h) circumstances means, *Prost* said, that no other circumstances could justify a second post-conviction challenge, including a § 2241 challenge.

*Id.* at 1173 (citation omitted). Therefore, this court held, "*Prost* forecloses Mr. Hale's § 2241 application because it held that § 2255(e) does not extend to second and successive collateral claims that fail to meet § 2255(h)." *Id.* at 1174. Here, Mr. Moreno concedes that his claim does not satisfy § 2255(h). Under *Hale*, then, no reasonable jurist would debate whether he is entitled to proceed under § 2255(e).

It was Mr. Moreno's burden to show the savings clause applied. *See Cleaver*, 773 F.3d at 233. Because he failed to shoulder that burden, no reasonable jurist would debate the district court's determination that it lacked jurisdiction. *See id.*

Relying on *McQuiggin v. Perkins*, 569 U.S. 383 (2013), Mr. Moreno asserts that the court should apply an equitable exception in his circumstances. No reasonable jurist would debate this proposition. Courts have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). *McQuiggin* involved a first habeas application, not a second-or-successive one, a distinction that makes a difference. *See* 569 U.S. at 396-97.

7

Mr. Moreno also asserts the district court did not actually conduct a de novo review, depriving him of due process.  In dismissing the application, however, the district court explicitly recognized its obligation to conduct a de novo review of matters to which Mr. Moreno objected, and then in addressing Mr. Moreno's Rule 59(e) motion, it assured him it did conduct a de novo review.  We see no reason reasonable jurists would debate this issue rather than taking the district court at its word.  *See Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1258 (10th Cir. 2022).

## CONCLUSION

We deny a COA and dismiss this matter.  We grant Mr. Moreno's motion to proceed without prepayment of costs and fees (Dkt. No. 11).

Entered for the Court


Harris L Hartz
Circuit Judge